IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL A. HELEVA,** | : | **CIVIL ACTION NO. 1:04-CV-1488** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **SANDRA KUNKLE, et al.,** | : | |
| **Defendants** | : | |

### **ORDER**

AND NOW, this 21st day of July, 2005, upon consideration of the request for subpoenas (Doc. 51) of plaintiff, proceeding pro se and *in forma pauperis* (Doc. 8), see FED. R. CIV. P. 45(a)(3) ("The clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it . . . ."), it is hereby ORDERED that:

1. The request for subpoenas (Doc. 51) is GRANTED as follows:

    a. The Clerk of Court is directed to issue to plaintiff eighteen (18) subpoenas, signed but otherwise in blank. See FED. R. CIV. P. 45(a)(3).

    b. Plaintiff shall be permitted to file, on or before August 8, 2005, one or more subpoenas, completed in accordance with Federal Rule of Civil Procedure 45 and accompanied by appropriate fees and mileage costs. See id. 45(b)(1); see also 28 U.S.C. § 1821.[1]

---

[1] Plaintiff is not relieved of the obligation to tender witness fees and mileage costs by virtue of his *in forma pauperis* status. See Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) ("Although the plain language of section 1915 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses.") (citing Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987)), cited with approval in FED. R. CIV. P. 45 cmt. § C45-19; Canady v. Kreider, 892 F. Supp. 668, 669-70 (M.D. Pa.), aff'd sub nom. Canady v. Love, 75 F.3d 1225 (3d Cir. 1995); see also 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2454, at 26-27 & n.19 (2d ed. 1995).

      c.      The court shall direct service of timely and properly completed subpoenas as appropriate.  See id. § 1915(d).

      d.      Plaintiff shall not mail the completed subpoenas to or otherwise attempt to serve the completed subpoenas on the person(s) named therein.  See FED. R. CIV. P. 45(b)(1); see also id. 4 cmt. § C45-9.  Failure to comply with this provision will result in the imposition of sanctions, potentially including dismissal of the above-captioned case.  See FED. R. CIV. P. 16(f), 41(b).

2.      All previous case management orders remain in full force and effect.


                                                      S/ Christopher C. Conner  
                                                    CHRISTOPHER C. CONNER  
                                                    United States District Judge