**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL A. HELEVA,** | : | **CIVIL ACTION NO. 1:04-CV-1488** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **SANDRA KUNKLE, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 17th day of March, 2006, upon consideration of the motion for summary judgment (Doc. 69), filed by defendants Sandra Kunkle, David Keenhold, Paul Jennings, Michael Taeberry, and Garry McFarland, asserting, *inter alia*, that plaintiff, appearing *pro se* in this case, has not filed grievances or exhausted available administrative remedies for his Eighth Amendment claims[1] of deliberate indifference to a serious medical need and serious risk of harm brought

---

[1] Although the complaint asserts claims under the Due Process and Equal Protection Clauses of the Fourteenth Amendment (Doc. 1 at 2), it alleges "deliberate indifference" to "substantially serious risk to plaintiff's health" and "serious risk of harm" (Doc. 1 ¶¶ 31-32, 34), language implicating the Eighth Amendment protection against cruel and unusual punishment.  See Farmer v. Brennan, 511 U.S. 825, 828 (1994); Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Hence, the court will construe the complaint as having raised Eighth Amendment claims. See Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) (stating that *pro se* complaints should be construed liberally).

pursuant to 42 U.S.C. § 1983[2] (see Doc. 1), see 42 U.S.C. § 1997e(a) ("No action shall

be brought with respect to prison conditions under section 1983 . . . by a prisoner

confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted."), and upon further consideration of

plaintiff's contention that defendants have not produced all grievances submitted

by plaintiff (see Doc. 88 ¶¶ 5-7), and it appearing that, by the order of court dated

September 27, 2005 (Doc. 82), the court found that plaintiff failed to demonstrate

deliberate indifference by defendant Dr. Prakashschandra Shah ("Dr. Shah"),[3] and

it further appearing that plaintiff has submitted grievances that have not been

produced by defendants (compare Doc. 67, Ex. at 29, 38, 48, and Civil Action No.

1:05-CV-1139, Doc. 20 at 6, 11, 15, with Doc. 70, Ex. C), it is hereby ORDERED that

---

[2] Pursuant to 42 U.S.C. § 1983, plaintiff also raises claims under Article I of the Pennsylvania Constitution.  (Doc. 1 at 2.)  However, the federal civil rights laws provide redress for violations of only *federal* rights, not *state* constitutional provisions.  Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir. 1992); Brown v. Grabowski, 922 F.2d 1097, 1113 (3d Cir. 1990).  Hence, the court will grant defendant's motion for summary judgment as to these state constitutional claims.

[3] The court's conclusion that plaintiff's mere disagreement with the diagnosis and treatment of his injury did not rise to the level of deliberate indifference by Dr. Shah (see Doc. 82 at 9-10) equally applies to defendants Keenhold, Jennings, Taeberry, and McFarland.  See Estelle, 429 U.S. at 107; Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979); see also Spruill, 372 F.3d at 236 ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . .will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.").  Accordingly, summary judgment on this claim will be granted in favor of defendants Keenhold, Jennings, Taeberry, and McFarland without further discussion.

defendants' motion for summary judgment (Doc. 69) is GRANTED in part and

DENIED in part as follows:

1.  The motion (Doc. 69) is GRANTED with respect to plaintiff's Eighth Amendment claim of deliberate indifference to a serious medical need against defendants David Keenhold, Paul Jennings, Michael Taeberry, and Garry McFarland.  See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004).  The motion (Doc. 69) is GRANTED with respect to plaintiff's state constitutional claims against defendants Sandra Kunkle, David Keenhold, Paul Jennings, Michael Taeberry, and Garry McFarland.  See Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir. 1992); Brown v. Grabowski, 922 F.2d 1097, 1113 (3d Cir. 1990).

    a.  The Clerk of Court is directed to defer the entry of judgment until the conclusion of this case.

    b.  Any appeal from this order is DEEMED frivolous and not in good faith.  See 28 U.S.C. § 1915(a)(3).

2.  The motion (Doc. 69) is otherwise DENIED without prejudice.

3.  Defendants shall be permitted to file, on or before April 21, 2006, a second motion for summary judgment and brief in support on the remaining Eighth Amendment failure-to-protect claim.

    a.  Any second motion for summary judgment shall be accompanied by a statement of material facts, which shall include references to the parts of the record that support the statements.[4]  See L.R. 56.1.

    b.  Any failure-to-exhaust argument included in a second motion for summary judgment shall fully discuss and explain the discrepancy between the grievances and appeals produced by defendants (see Doc. 70, Ex. C) and those produced by plaintiff (see Doc. 67, Ex. at 29, 38, 48; see also Civil Action No. 1:05-CV-1139, Doc. 20 at 6, 11, 15).

---

[4] The court notes that the statement of facts for the instant motion was devoid of references to the record (see Doc. 70) and included facts which were not supported by the accompanying exhibits (see, e.g., Doc. 70 ¶¶ 6-19).

c.    Plaintiff shall file, on or before May 8, 2006, a brief in opposition
to any second motion for summary judgment and a response to
defendants' statement of material facts.  <u>See</u> L.R. 7.6, 56.1.  The
opposing statement of facts <u>shall include references to the parts
of the record that support the statements</u>.  <u>See</u> L.R. 56.1.

d.    Defendants shall be permitted to file a brief in reply on or before
May 22, 2006.


                              __/s/ Christopher C. Conner__
                              CHRISTOPHER C. CONNER
                              United States District Judge