IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL A. HELEVA,** | : | **CIVIL ACTION NO. 1:04-CV-1488** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **SANDRA KUNKLE, et al.,** | : | |
| **Defendants** | : | |

### ORDER

AND NOW, this 26th day of June, 2006, upon consideration of plaintiff's motion for sanctions (Doc. 88) for defendants' failure to produce requested documents, see FED. R. CIV. P. 37, and it appearing that defendants responded to plaintiff's request for the production of documents with objections (see Doc. 91, Ex. A), and that plaintiff has not filed a motion to compel before seeking sanctions, see id. 37(a)(2)(B) (providing that if a party fails to produce the requested documents, "the discovering party may move for an order compelling" the production of the documents); see also McMullen v. Bay Ship Mgmt., 335 F.3d 215, 217 (3d Cir. 2003) ("Generally, [Rule 37] requires the issuance of an order to compel and only after failure to comply with that order should a penalty be imposed."), it is hereby ORDERED that the motion for sanctions (Doc. 88) is DENIED without prejudice to plaintiff's right to file a motion to compel, specifically addressing

defendants' objections to the discovery requests and the relevance of the requested documents to plaintiff's Eighth Amendment failure-to-protect claim.[1]

                                                            /s/ Christopher C. Conner
                                                           CHRISTOPHER C. CONNER
                                                           United States District Judge

---

[1] The court notes that the discovery deadline was August 15, 2005. (See Doc. 50 ¶ 1.a.) Plaintiff, however, did not request an extension of this deadline. See FED. R. CIV. P. 6(b)(2) ("[When] an act is required or allowed to be done at or within a specified time, the court for cause shown may . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ."); see also In re Cendant Corp. Prides Litig., 233 F.3d 188, 196 (3d Cir. 2000) (discussing factors to assess in determining excusable neglect). Any future motions regarding discovery issues, including a motion to compel, shall address the extensive delay in seeking discovery.