IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL A. HELEVA,** | : | CIVIL ACTION NO. 1:04-CV-1488 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **SANDRA KUNKLE, et al.,** | : | |
| Defendants | : | |

### ORDER

AND NOW, this 20th day of February, 2007, upon consideration of *pro se* plaintiff's motion to compel discovery[1] (Doc. 106), and it appearing that the discovery deadline was August 15, 2005 (see Doc. 50 ¶ 1.a), that plaintiff did not request an extension of this deadline (see Doc. 105 at 2 n.1), see FED. R. CIV. P. 6(b)(2) ("[When] an act is required or allowed to be done at or within a specified time, the court for cause shown may . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ."); see also In re Cendant Corp. Prides Litig., 233 F.3d 188, 196 (3d Cir. 2000) (discussing factors to assess in determining excusable neglect),

---

[1] Plaintiff requested the following documents: (1) all "FYI's" concerning plaintiff and assailant I[l]an Redman before June 14, 2002, (2) all incident reports, testimonies, letters, affidavits, "FYI's", drawings, graphs or other information produced by Officer Kunkle in connection with the incident occurring on July 14, 2002, (3) all papers in connection with the suspension of Officer Kunkle (and Officer Carneese) regarding the incident of July 14, 2002, (4) from plaintiff's file, all final answers to appeals and all memorandums from defendant Warden Keenhold, and (5) a full and complete copy of pages dated July 14, 15 and 16, 2002, from the A-Unit log books. (See Doc. 106.)

that plaintiff has not averred any reason for his belated discovery requests, see id. (stating that the reason for the delay is a factor to consider), and that plaintiff did not comply with the order of court dated June 26, 2006 specifically directing that "[a]ny future motions regarding discovery issues, including a motion to compel, shall address the extensive delay in seeking discovery" (Doc. 105 at 2 n.1),[2] it is hereby ORDERED that plaintiff's motion to compel discovery (Doc. 106) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] The only reference in plaintiff's motion to compel regarding his delay in seeking discovery is a mere reiteration of the court's June 26, 2006 order stating that plaintiff, "shall address the extensive delay in seeking discovery." (Doc. 106 at 1.) Plaintiff subsequently filed an affidavit claiming to explain the delay, however such affidavit merely states that plaintiff's "personal involvement" caused the late filing of discovery motions. (See Docs. 106, 107.)